UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MIA JONES DAVINER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PNC BANK, N.A., )<br>)<br>Defendant. )<br>_____ )<br>)<br>PNC BANK, N.A., )<br>)<br>Counterclaimant, )<br>)<br>v. )<br>)<br>MARVIN L. JONES; MIA JONES )<br>DAVINER; UNKNOWN OCCUPANTS OF )<br>440 S. HWY 7, NORTH VERNON, )<br>INDIANA 47265; UNKNOWN HEIRS, )<br>DEVISEES AND LEGATEES OF MARVIN )<br>L. JONES; *et al*., )<br>)<br>Counter Defendants. ) | 4:14-CV-28-SEB-WGH |

**ENTRY ON PNC'S MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on Counterclaimant PNC Bank's *Motion for Summary Judgment, Decree of Foreclosure and Order of Sale* [Docket No. 51], filed April 9, 2015. The Court **GRANTS** the motion for the reasons set forth below.

**Factual and Procedural Background**

This case is the third attempt by now-Counter Defendant Mia Daviner to dispute Counterclaimant PNC Bank, N.A.'s right to foreclose on her property. Unsuccessful in her first

two suits[1], Daviner initiated this third suit against PNC in March of 2014. We granted PNC's motion to dismiss Daviner's claims in February of 2015. [Docket No. 39.]

PNC answered Daviner's Complaint with a two-count Counterclaim. PNC alleges that Daviner defaulted on a mortgage held by PNC and that PNC therefore is entitled to foreclose on the mortgage. [Docket No. 11 at 7–13.] PNC's case is simple:

(1) Daviner admits that she owns a parcel of real estate in North Vernon, Indiana. [Docket No. 11 at 9; Docket No. 46 at 1.]

(2) Daviner further admits that, in May of 2006, she executed a mortgage on that property and a promissory note in the principal amount of $105,000 in favor of Prime 1 Mortgage Company. [Docket No. 11 at 10; Docket No. 11-1; Docket No. 11-2; Docket No. 46 at 1.]

(3) Prime 1 assigned the mortgage and the note to National City Mortgage—which later would become part of PNC—in October of 2006. [Docket No. 11-3.]

(4) Daviner has defaulted on the terms of the note and mortgage by failing to make payments. [Docket No. 11 at 11; Docket No. 51-1 at ¶ 8.][2]

Daviner has not presented evidence to dispute any of these claims.

## Standard of Review

This case is before us based on diversity jurisdiction. "It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010) (citing *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 14 L.Ed.

---

[1] *See* cause numbers 4:12-cv-81-RLY-WGH and 4:13-cv-138-TWP-WGH.

[2] We infer nonpayment from PNC's Counterclaim and the affidavit testimony of PNC agent Christopher Jones stating that PNC has elected to declare the full amount of the note due. It no doubt would have been cleaner for PNC to present testimony specifically stating that Daviner stopped making payments, but we find this testimony sufficient to establish that critical point.

2d 8 (1965)). Consequently, Indiana law applies to the claims in this case, and federal law establishes the standard of review applicable to the motion for summary judgment.

Federal Rule of Civil Procedure 56 provides that summary judgment should be granted when the record evidence shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255. However, neither the "mere existence of alleged factual dispute between the parties," *id.*, 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts, *Matsushita*, 475 U.S. at 586, will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

Here, PNC as the moving party "bear[s] the initial responsibility of informing the district court of the basis for [its] motion," and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Because PNC would bear the burden of proof at trial, Daviner may discharge her burden at this stage of the proceedings by showing an absence of evidence to support PNC's case. *Id.* at 325.

Summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Therefore, after drawing all reasonable inferences from the facts in Daviner's, if genuine doubts remain and a reasonable fact-finder could find for Daviner, summary judgment is inappropriate. *See Shields Enters., Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992). But if it is clear that PNC will be able to satisfy the legal requirements necessary to establish its case, summary judgment is not only appropriate, but mandated. *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003). Further, a failure to prove one essential element "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

## Legal Analysis

PNC has earned summary judgment on its claim for breach of contract. Daviner has admitted that she executed the note and mortgage documents presented in PNC's Counterclaim. Additionally, she has not rebutted PNC's testimony that she defaulted by failing to make payments. The only element Daviner has even arguably contested is whether PNC has an interest in the note and mortgage, and she has not done so adequately.

When presented with evidence supporting summary judgment, a party must do more than simply deny its validity. Rather, the non-movant then must present "evidence raising a genuine issue of material fact." *MMG Fin. Corp.*, 630 F.3d at 657. And a factual dispute is "genuine"—precluding summary judgment—"only when the evidence could support a reasonable jury's verdict for the non-moving party." *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 650 (7th Cir. 2011).

Daviner has not carried that burden. She alleges without evidence that PNC has sold the note and mortgage to the Federal National Mortgage Association (also known as Fannie Mae).

[Docket No. 53 at 1–2.] To that end, Daviner demands "strict verified proof" that PNC holds an interest in the note and mortgage. [*See id.* at 2–3.]

PNC has demonstrated its interest to the court's satisfaction by filing Prime 1's assignment. [Docket No. 11-3.] Judge Hussmann held a hearing on February 12 for the sole purpose of allowing Daviner to examine the documents on which PNC has built its case. [Docket No. 41.] Daviner failed to attend the hearing. [*Id.*] Judge Hussmann subsequently advised Daviner that she could examine the documents in the clerk's office, through the discovery process, or by coordinating an examination with PNC. [Docket No. 42; Docket No. 43.] Daviner has not taken advantage of any of these opportunities, and her persistent doubt as to the documents' authenticity is not enough to "support a reasonable jury's verdict" in her favor. *See Crawford*, 647 F.3d at 650. Daviner has not raised a material factual dispute, and PNC has demonstrated that it is entitled as a matter of law to a judgment finding Daviner in default on the note and mortgage and allowing PNC to foreclose on the property.[3]

## Conclusion

For the foregoing reasons, we **GRANT** PNC's motion.

IT IS SO ORDERED.

Date:     07/31/2015

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[3] This finding is contingent upon Daviner's representation that the property is not her primary residence. [Order on Telephonic Status Conference, Docket No. 58.] PNC has not demonstrated compliance with Indiana's pre-suit notice requirements, but it is exempt from that requirement if the property is not Daviner's primary residence. Ind. Code 32-30-10.5-8(e)(1). If, within 10 days of this entry, Daviner files evidence demonstrating that the property securing the mortgage is her primary residence, the court will reconsider its ruling with respect to Count II of PNC's Counterclaim.

Distribution:

MIA JONES DAVINER
P.O. Box 493
North Vernon, IN 47265

Emily C. Lamb
WYATT TARRANT & COMBS (Louisville)
elamb@bdblawky.com

Jason Andrew Lopp
WYATT TARRANT COMBS LLP
jlopp@wyattfirm.com